**HEIRS OF MATHEW HUNKIN, Plaintiffs,**

**v.**

**FAIIVAE APELU GALEA`I and OTHERS, Defendants.**

High Court of American Samoa
Land & Titles Division

LT No. 12-03

May 6, 2004

Before WARD, Acting Associate Justice.

Counsel: For Plaintiff, Fuimaono, Esq.
 For Defendants, Faiivae Apelu Galea'i, *pro se*

## ORDER REMANDING TO
## OFFICE OF SAMOAN AFFAIRS

This matter came on regularly before the Court on April 21, 2004, on motion by the Plaintiffs to set this case for trial. Counsel Fuimaono was present. Defendant *pro se* Faiivae was not present.[1] Counsel Fuimaono advised the Court that Defendant *pro se* Faiivae had verbally agreed to a trial date any time after this June.

The Court inquired as to whether a pre-trial conference pursuant to Rule 6, T.C.R.L.T. would assist the parties in clarifying the disputed factual and legal issues in this controversy, and Counsel Fuimaono agreed this would be helpful. A tentative pre-trial date was established and the Court took this matter under advisement to deliberate and draft an appropriate order.

### Discussion

 In our review of the pleadings, papers, and documents on file in this matter to prepare an order for the pre-trial conference, we also reviewed the February 3, 2004 Certificate of Irreconcilable Dispute filed by the Office of Samoan Affairs[2] pursuant to A.S.C.A. § 43.0302(a)[3]. Under

---

[1] *Pro se* defendant Faiivae has been sanctioned by this Court earlier in this case for failure to comply with the Court's orders. A motion to set a land or titles case for trial normally results in the Court establishing a pre-trial conference pursuant to Rule 6, T.C.R.L.T., at which many of the factual and legal issues raised in such controversies may be resolved or narrowed prior to trial. Participation by counsel and the parties, or by *pro se* parties, is as critical at these hearings as at trial. Failure of counsel or *pro se* parties to appear without good cause therefore will result in appropriate sanctions being imposed.

[2] "This matter came on regularly for hearings before the Office of Samoan Affairs as provided under Section 43.0302 of the American Samoa Code Annotated. All parties and their respective representatives were served notices before the hearings were conducted; and hearings were held on the following dates and times: First Hearing – Began at 9:00a.m. on May 22, 2003. Ended at 10:15a.m. on the same date. Second hearing – Began at 9:25a.m. on November 6, 2003. Ended at 9:45a.m. on the same date. Findings and Conclusions: During the second hearing, the Objector did not show up. The Claimants wish, however, to refer this matter to court for final disposition. Now, therefore, the undersigned hereby declare that there now exists irreconcilable dispute among the parties, and the matter is herewith

A.S.C.A. § 43.0301 *et seq.*, the Legislature has provided a detailed statutory scheme for the resolution of land and titles disputes within the Territory. Although providing the Court with limited powers to issue pre-trial and interlocutory orders, including restraining orders, to preserve the peace while these disputes are resolved, the Legislature wisely required the parties to first participate in a traditional dispute resolution process at the Office of Samoan Affairs before seeking judicial remedies.

Since being enacted by two successive legislatures in 1972, (P.L. 12-59), and 1973 (P.L. 13-39), our case files reveal that many parties treat this potent, culturally protective procedure as more of an obstacle to litigation rater than an opportunity to meet, discuss, debate, and seek consensus on the resolution of the controversy. Indeed, a review of certificates of irreconcilable disputes filed with the court over the last several years indicate that, due to frustration over the intractability of the parties or other reasons, Secretaries of Samoan Affairs and their deputies have also acquiesced to this view. The statute, however, clearly requires something more than the parties simply checking in a couple of times at the Office of Samoan Affairs and advising the Secretary or his deputy they want to go to court.

Under A.S.C.A. § 43.0302(a)(4), the Secretary or his deputy is required to issue findings and conclusions with respect to the controversy before them and include the reason(s) why the controversy could not be resolved. If not otherwise made obvious by this statute, this

---

transmitted for judicial litigation."

[3] 43.0302 Certificate of Irreconcilable Dispute.

(a) Before any action relating to controversies over communal land or matai titles may be commenced in the Land and Titles Division, each party shall file with his complaint a certificate signed and attested by the Secretary of Samoan Affairs or his deputy, in which the Secretary or his deputy affirms and states:

(1) that on at least 2 occasions, the parties have appeared personally before him and 2 persons designated by him, without an attorney or counsel, and that an attempt was made to resolve the controversy;

(2) that all parties to the controversy received at least 20 days notice for each of the 2 required appearances;

(3) the date and hour of the beginning and conclusion of each appearance;

(4) the findings and conclusions of the Secretary or his deputy and the 2 designees with respect to the controversy heard before them, including a statement of the reason why the controversy could not be resolved.

paragraph reflects the Legislature's clear intent to empower the Secretary with an affirmative duty to use the power and prestige of his office and title to facilitate the resolution of controversies relating to land and titles, those twin pillars supporting the Samoan culture. The Legislature has at once provided both a carrot (affording the parties a traditional venue at which their disputes may be resolved without the expense, or risk, of trial before the court), and a stick (the Secretary, in the exercise of his sound discretion, need not certify an irreconcilable dispute until *at least* two meetings of the parties and until he and his two neutral designees have concluded all traditional attempts at resolving the controversy).

### Conclusion

■ On its face, the February 3, 2004 Certificate of Irreconcilable Dispute reveals that the parties have not appeared at least twice before the Secretary or his deputy and the two designees. Proof of the requisite 20-day notice to the parties is not reflected in certificate or record. The findings and conclusions in the certificate state only that, because only one meeting between the parties occurred, there exists an irreconcilable dispute. Clearly the statutory preconditions for the Court to exercise jurisdiction over this case have not been fulfilled. This certificate, being made and filed upon unlawful procedure, is therefore reversed and set aside. This matter is remanded back to the Secretary of Samoan Affairs for hearings consistent with the appropriate statutes and this opinion and order. Any future determination by the Secretary or his deputy that either party has failed to appear at noticed hearings without good cause, or has refused to participate in good faith at such hearings or failed to offer good reason why the controversy can only be resolved as a matter of law by the Court, shall be grounds for the aggrieved party to petition the Court for injunctive relief or other appropriate remedies. The tentative, pre-trial date of May 12, 2004 is set aside as a consequence of this order.

It is so ordered.